The court did not err in refusing to charge the jury in the language of some of the defendant's requests to charge. There were six requests.* The first *Page 596 
relates to the meaning and effect of the law forbidding a conviction unless the jury are satisfied that the accused is guilty beyond a reasonable doubt. Upon this point the court charged the jury fully, correctly, and in substantial compliance with the request.a The third request relates *Page 597 
to the proof necessary to establish that deliberation and premeditation, in the perpetration of the offense, essential to bring a murder committed within the grade of murder in the first degree as defined by our statute. The charge of the court upon this point is adequate and correct.b *Page 598 
The fourth request was complied with precisely as made. The second and fifth requests relate to the law of self-defense, and without qualification were inadequate. The charge on this point was substantially correct.c With reference *Page 599 
to the sixth request, relating to a crime of manslaughter as distinguished from murder, the law was fully and correctly stated.d *Page 600 
The real grievance of the defendant, and the one mainly urged in argument, is not the denial of his requests to charge, but the errors alleged to have been committed in charging the jury in the language quoted from the charge as given and assigned as error. The court, in explaining the meaning of "malice" as definitive of our common-law crime of murder, said: "The law presumes malice in the case of every unlawful homicide unattended by circumstances of mitigation or extenuation . . . , and presumes that such homicide is murder." As these words were used in explanation of that "implied malice" or state of mind which includes some evil design in general, and which the law regards as existing in him who without justification and without any circumstances of mitigation or extenuation kills another, they state the law with sufficient accuracy; 4 Bl. Comm. 201; 2 Swift's Digest, 268; State v.Marx, 78 Conn. 18, 23, 60 A. 690; and the repetition of this language, in the application of the general proposition to the facts before the jury, is plainly correct. "If you find the accused unlawfully killed Goodale in the manner charged — that is, not in self-defense as claimed — and you find there were then present at the time of the killing no circumstances reducing the crime to manslaughter, the law presumes malice, and that the crime committed was murder."
The passage quoted from the charge as stating the law *Page 601 
in respect to the presumption of innocence is correct. Apparently it is assigned as error only for the purpose of criticising the remark of the court in which, after stating the principle, he expressed the belief that in some questions asked some of the jurors upon their examination while the jury was being impanelled the principle was stated incorrectly. The remark may have been unnecessary; it was certainly harmless. We find in the charge no ground for the claim that the court erred in the manner of presenting to the jury throughout the whole charge the question of the presumption of malice and the presumption of innocence.
There is no error in the portion of the charge relating to self-defense. The two passages referred to in the appeal as erroneous are plainly correct.**
After correctly explaining the law of self-defense, the trial judge added these words: "As to the burden of proof where self-defense is claimed, the law is that in every charge of murder the fact of the unlawful killing being first proved, all the circumstances of the necessity of self-defense are to be proved by the accused by a fair preponderance of proof, unless they arise out of the evidence produced against him. But if on the whole evidence, including the evidence of self-defense, a reasonable doubt is raised whether the charge or any charge involved therein is established, the doubt should be resolved in favor of the accused and he should be acquitted." The defendant assigns error in the first half of this paragraph. The paragraph is substantially a single sentence, and the court charged in the language of the first half only as a part of the whole sentence.
The defendant has no reason to complain of the charge thus given. It is elementary law that a party defendant to a judicial controversy of any kind, who relies upon some distinct ground of defense not necessarily connected with the transaction on which the charge against him is founded, assumes *Page 602 
as to the fact constituting such defense the burden of proof, that is, he presents an issue upon which he goes forward with his evidence and the other side rebuts. State v. Schweitzer,57 Conn. 532, 539, 18 A. 787. The trial court, after stating, in conformity with this principle, that all the circumstances of the necessity of the self-defense claimed by the defendant were to be proved by him, added that such proof was to be by a fair preponderance of evidence. Whether such instructions, standing alone, would be in view of the situation disclosed by the record, a correct statement of the law, we need not consider; for they were immediately qualified by a clear statement of the duty of the jury to acquit if on the whole evidence, including that as to self-defense, a reasonable doubt were raised as to the defendant's guilt. This, in effect, was to say that even if the evidence which the defendant produced did not suffice to establish by a preponderance of proof the necessity of self-defense, yet it must be considered by them in connection with all the other evidence, and was sufficient to require a verdict in his favor, if, when so considered, a reasonable doubt of his guilt should exist.
The skull of Goodale was admitted in evidence, and in connection with it duly authenticated photographs of the skull, taken before the brain substance had been removed, were admitted for the purpose of showing the condition of the skull and its interior, and the injury to the skull and brain. There was no error in this.
Testimony by one witness that some three weeks before the killing Goodale drew from the bank $275, and by another witness that some two weeks before the killing he saw money in Goodale's possession, was admitted against the defendant's objection. Subsequently the defendant testified that after killing Goodale he took a considerable sum of money that was in Goodale's possession and fled to Canada, as had been shown by the State's testimony. Evidence tending to prove that a large sum of money was in Goodale's possession and was taken by the accused at the time of the killing, was relevant to the motive that induced *Page 603 
the killing; and, after the testimony of the defendant, became relevant also to the probability of truth in the story he had told.
The court did not err in calling the attention of the jury to the conflicting claims as to whether or not the cane the accused said Goodale used on him was found on the premises; nor in not calling the attention of the jury to the fact that the State had not adduced further testimony on rebuttal to show that no cane was found there.
The claim of the defendant that the charge as a whole was unfair and partial is contradicted by the record before us. The record shows that the accused had a fair and impartial trial, and that the result reached substantially turned upon the nature of the impression made upon the jury by his own testimony. In view of the conceded facts, of the whole story told by the accused, and of his manner of telling it, the jury have found by their verdict that his testimony, in connection with all the evidence produced, did not raise a reasonable doubt as to his guilt of the crime of murder in the first degree.
 There is no error in the judgment of the Superior Court.
In this opinion the other judges concurred.