CALDWELL, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Fourth District, alleging conflict with City of Miami v. Nelson.[1]
Plaintiff Alexander, respondent, brought suit to recover damages for personal injuries suffered when arrested by defendant Gordon, police officer of defendant City of Pahokee. Gordon and the City of Pa-hokee are petitioners herein. The jury returned a verdict of $165,000.00 in favor of the plaintiff. On appeal the District Court[2] found appellants had failed to demonstrate reversible error and affirmed the trial court.
In the nighttime of August 6, 1961, plaintiff, a thirteen year old youth with physical equivalent of an average adult, and one Lendale went to the rear of a store in Pahokee where Lendale broke the glass, unlocked the rear door and entered the building with intent, known to plaintiff, to take merchandise. Officer Gordon received a report of the breaking and entering and called upon a bystander to go with him to the scene. Officer Gordon testified he gave the bystander his pistol and stationed him at the front door of the building. Gordon then proceeded to the rear where he found plaintiff-respondent with his head in the door where the glass had been broken and one foot raised. The officer, not sure whether plaintiff Alexander was entering or leaving the building, called upon him to halt. The plaintiff started to run and the officer made two additional demands that he stop. When plaintiff was some distancé away, still running and entering a dark area beyond a stack of intervening boxes, the officer fired his sawed-off shotgun in the general direction of plaintiff’s escape route, injuring him severely.
The trial court denied defendant’s motion for directed verdict and the jury found for the plaintiff. The decision of the District Court, affirming, conflicts with the Nelson case, supra, wherein on similar facts a directed verdict for the defendant was upheld on appeal. Briefly, in Nelson, plaintiff, a fifteen, year old youth, found wandering the streets of Miami at five o’clock a. m., ran when approached by a police cruiser. The defendant police officers had received a report of an attempted breaking and entering in the same vicinity and a description which fitted the plaintiff. Plaintiff was located on a rooftop by police officers and, when they attempted to arrest, he ran and jumped to a separate building at which time the officers shot to prevent escape. The jury returned a verdict for the plaintiff and on appeal the District Court reversed and remanded with directions to enter judgment for defendants. The court held the police officers had reasonable grounds to believe plaintiff had committed a felony and, having such reasonable *327 grounds, were entitled to use force as was reasonably necessary to effect his capture, even to the extent of killing or wounding.
In the instant case plaintiff insists the officer used excessive force in making the arrest, thus confronting us with the question of whether, under the facts of the record, more force was used than was reasonably necessary to stop and apprehend the offender. The officer, having been notified of the breaking and entering, seeing broken glass in the rear door of the store, observing the plaintiff at the scene, was faced with the choice of arresting him or permitting his escape.
Plaintiff testified he knew the' risk of participating in the burglary and that, when he saw the officer with the gun, he ran. The officer testified he called halt three times and shot as the offender, partially obscured by a stack of empty boxes, was disappearing into the darkness at a' distance of some twenty-five steps. Plaintiff’s brief sets the distance at from fifty-five to sixty feet.
Plaintiff makes the point no warning shot was fired but to us it seems unlikely he, having failed to heed the repeated demands to halt, would have been persuaded to stop by a warning shot. To the contrary, it appears more likely his steps would have hastened and the possibility of his arrest minimized. All facts and circumstances considered and as deplorable as the consequences clearly are, we are constrained to hold the officer was justified in his action and did not use unnecessary or excessive force.
The trial court erred in refusing to direct a verdict for defendants and the District Court erred in affirming. The decision of the District Court of Appeal, Third District, in City of Miami v. Nelson, supra, correctly applies the pertinent law.
The decision of the District Court of Appeal, Fourth District, is quashed and the cause remanded with directions to enter judgment for the defendants.
It is so ordered.
DREW, O’CONNELL and ERVIN, JJ., concur.
THORNAL, C. J., dissents in part with Opinion.

. 186 So.2d 535 (Fla.App.3rd 1966).

. 186 So.2d 806 (Fla.App.4th 1966).