330 So.2d 256 (1976)
CITY OF ST. PETERSBURG, Florida and P. C. Begerow, Appellants,
v.
Christopher REED, a Minor, by Sylvester Reed, Jr., and Audrey E. Reed, His Natural Parents and Next of Kin, et al., Appellees.
No. 75-792.
District Court of Appeal of Florida, Second District.
March 24, 1976.
Rehearing Denied May 5, 1976.
*257 Michael S. Davis, Chief Asst. City Atty., St. Petersburg, for appellants.
I.W. Williams, of Williams & Milton, St. Petersburg, for appellees.
PER CURIAM.
Plaintiff/appellee, Christopher Reed, was shot in the leg by a police officer while trying to escape arrest. He and his parents brought suit for assault and battery and recovered a judgment on a jury verdict of $50,000 from appellants/defendants, City of St. Petersburg and Officer Begerow. We reverse.
The incident occurred at the parking lot of the Bayfront Center in St. Petersburg on September 22, 1973, while a rock concert was in progress inside. Several officers on neighboring rooftops observed two teenagers try the doors of a number of vehicles in the parking lot and finally enter a van for a few moments, obviously committing an illegal entry. These individuals got into a car which cruised around the parking lot in sight of the police. In a few moments the police observed this car stop and the appellee and another person got out. The rooftop officers, believing they were the same two individuals who had just gotten into the car, directed officers on the ground to arrest them. As officers, including the defendant Officer Begerow, tried to arrest and handcuff appellee and the other youth, a struggle ensued and Begerow fell to the ground after receiving a blow to the face. Both youths began to run away, whereupon Begerow shot the appellee in the leg.
Appellee suffered permanent injury to his leg and in his suit against the officer and City for assault and battery, he contended his arrest was illegal because it was not based on probable cause. Appellee further contended that even if the arrest was legal, the officer used excessive force in preventing his escape. At trial, testimony showed that the individuals who got into the car had, in fact, stolen a radio from the van, but appellee Reed was not one of these individuals and had nothing to do with the theft.
Over the appellants' objection, appellee introduced into evidence an order on the use of firearms issued by the St. Petersburg Public Safety Agency which order was in effect at the time the officer shot the appellee. The order authorizes a police officer to use firearms to apprehend a fleeing felon, but only when the officer reasonably believes the fleeing person has committed either (1) a violent crime to the person of another, or (2) a crime against property that clearly demonstrates a wanton and reckless disregard for human life. Appellants contend that the court erred in admitting this order into evidence. We agree.
Under the decisional law of this state, when an officer has reasonable grounds to believe one has committed a felony, the officer is entitled to use force which is reasonably necessary to capture him, even to the extent of killing or wounding him. City of Miami v. Nelson, Fla. App.3d 1966, 186 So.2d 535; Gordon v. Alexander, Fla. 1967, 198 So.2d 325. This rule has recently been codified in Fla. Stat. § 776.05, as amended by Ch. 75-64.[1] This *258 right does not depend on the type of felony which has been committed.
The law of Florida is in accord with the law elsewhere on this point. While the First Restatement of Torts, § 131 (1934), took the position that deadly force could be used to arrest only a felony which normally causes or threatens death or serious bodily harm, or involves breaking and entry of a dwelling, this position was later abandoned because "no case has been found which has cited § 131, or which is in accord with it." Restatement of the Law, 1948 Supplement, P. 633. See also, Martyn v. Donlin, 1964, 151 Conn. 402, 198 A.2d 700; Alaniz v. Funk, 1961, 69 N.M. 164, 364 P.2d 1033.
The effect of a departmental regulation limiting the right of a policeman to use deadly force was considered in an opinion of the Attorney General, 071-41. The opinion held that such regulation would be invalid.
Our sister court recently considered a similar issue in Chastain v. Civil Service Board of Orlando, Fla.App.4th 1976, 327 So.2d 230 (opinion filed February 20, 1976). The court held that Orlando Police Department regulations which limited the use of deadly force to arrest for infamous crimes, would be an applicable standard for the Police Department to follow in disciplining its own members, but there the court, by way of dictum, stated:
"There is no question but that if appellant were charged with a criminal offense such as aggravated assault, as in Dixon v. State, 101 Fla. 840, 132 So. 684 (1931), or his conduct were the basis of a civil action for damages against him individually or against his employer, as in Gordon v. Alexander, 198 So.2d 325 (Fla. 1967) and City of Miami v. Nelson, 186 So.2d 535 (Fla.App. 3rd 1966), the standard or test of guilt would be whether appellant, in attempting to make the arrest or capture the escaping prisoner, had used more force than was reasonably necessary under the circumstances."
The court concluded that the regulation would not affect the standard by which the officer's criminal or civil liability was measured.
We agree with the Fourth District that in this suit for assault and battery, state-wide standards for the use of deadly force must be controlling. Accordingly, introduction into evidence of the safety order was error.
Furthermore we are unable to say that such error was harmless. Appellee was initially arrested for the crime of breaking and entering an automobile; and, while such crime is a felony, it did not qualify under the public safety order as one where an officer was authorized to use deadly force. The jury verdict may well have been based on a finding that although Begerow made the arrest with probable cause, and even though firing his weapon was the only available means to apprehend appellee, Begerow was still not justified in using deadly force because no violent felony had been committed. The jury's misapprehension may have been further compounded by the court's failure to give appellants' requested instruction 2.8 to the effect that resisting arrest with violence was a violent felony to the person of another as contemplated by the order. See, Fla. Stat. § 843.01. Where the evidence is inconclusive or conflicting, the failure of the trial judge to provide a charge which lays down standards for the jury to follow under varying permissible views of the evidence constitutes reversible error. Schweikert v. Palm Beach Speedway, Inc., Fla. 1958, 100 So.2d 804.
Accordingly, we reverse and remand for a new trial consistent with this opinion.
*259 BOARDMAN, A.C.J., and GRIMES and SCHEB, JJ., concur.

ON PETITION FOR REHEARING
Appellees contend that we overlooked the fact that any error in admitting the order on use of firearms into evidence was rendered harmless by a later jury instruction which was substantially identical to Fla. Stat. § 776.05. However, this instruction did not refer to or expressly disapprove the order, or state that the order contained an incorrect statement of the law as applied to the facts of this case. We cannot rule out the likelihood that the jury was influenced by the ruling of the St. Petersburg Public Safety Agency in reaching its decision.
Rehearing denied.
BOARDMAN, A.C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] "A law enforcement officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest or when necessarily committed in retaking felons who have escaped, or when necessarily committed in arresting felons fleeing from justice."