PER CURIAM.
The principal point on this appeal is whether or not a Metro bus driver is an interested party within the “deadman’s” statute, Section 90.05, Florida Statutes (1977), and therefore precluded from testifying in a negligence action brought against his employer, Metropolitan Dade County.
We hold that the bus driver, not being a party to the litigation, is not an “interested” party within the meaning of the statute and, therefore, the trial judge was correct in permitting him to testify. Atlantic Coast Line Railway Company v. Mallard, 54 Fla. 143, 44 So. 366 (1907); Allstate Insurance Company v. Doody, 193 So.2d 687 (Fla. 3d DCA 1967).
The other points urged for reversal have been examined and found to be without merit. Jackson v. Whitmire Construction Co., 202 So.2d 861 (Fla. 2d DCA 1967); Chastain v. Civil Service Board of Orlando, 327 So.2d 230 (Fla. 4th DCA 1976); City of St. Petersburg v. Reed, 330 So.2d 256 (Fla. 2d DCA 1976); City of Miami v. Fraternal Order of Police, 346 So.2d 100 (Fla. 3d DCA 1977).
*310 Therefore, the final judgment here under review is hereby affirmed.
Affirmed.