[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNTS 3 4 (#107)
In the above matter, the defendant Town of Enfield moves to strike the Third and Fourth Counts of the complaint for the following reasons:
a. The alleged actions of the Town is excused from liability by the provisions of Sections 52-557 n (b)(7) of the
General Statutes.
b. Governmental immunity.
c. Failure to name an individual employee as defendant.
d. Failure to exhaust administrative remedies.
A further ground for striking the Fourth Count is failure to allege a cause of action under Connecticut law.
The Third Count alleges that the defendant Town acting CT Page 1635 through its agents approved an engineering site plan for a condominium to be developed by the defendant Vono on land abutting that of the plaintiffs', and that the development as approved by the Town caused water to flow on the land of the plaintiff, causing damage.
Section 52-557 n (b)(7) states that a political subdivision is not liable for damage to person or property arising out of the issuance of a permit when such authority is discretionary by law.
The approval of a site plan as alleged in the Third Count involves the exercise of judgment, as to conformity with zoning regulations and is therefore a discretionary act. Evon v. Andrews, 211 Conn. 501, 504; Pluhowsky v. New Haven, 151 Conn. 337-347.
Further a municipality itself is generally immune from liability at common law. Ryskiewicz v. New Britain, 193 Conn. 589,593.
Although Section 7-465 imposes liability on a municipality by way of indemnity for wrongs committed by an employee, no such employee is named in this suit, and the municipality cannot be held liable. Martyn v. Donlin, 151 Conn. 402, 405.
On the basis of the foregoing three grounds, the motion to strike is granted as to the Third Count.
As to the Fourth Count, the plaintiff cites no authority to give it standing to sue the Town for alleged failure to call the letter of credit, as opposed to the authority cited by the defendant Town. State v. Chauvin, 8 Conn. App. 311. Further, the action of the Town with respect to the letter of credit was a governmental, i.e., discretionary act, and the plaintiff has no standing. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,167.
The motion to strike is granted as to the Fourth Count.
BURNS, J.