[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S AND DEFENDANT'S CROSS MOTIONS FOR SUMMARY JUDGMENT
Montes brings this action by third party complaint for indemnification under Conn. Gen. Stat. Secs. 7-101a and7-465. Both Montes and the defendant City of New Britain ("City") move for summary judgment.
City has answered and filed three special defenses claiming (1) Montes did not satisfy the precondition of notice within six months of the incident to the municipality required under the two sections, 7-101a(d) and 7-465, (2) neither section creates a cause of action in an employee of a municipality and, (3) Montes has incurred no costs in defending the law suit and therefore does not fall under the statutes. The pleadings are closed.
FACTS
On January 29, 1988 at about four o'clock Montes was operating his own automobile in the scope and course of his employment as coordinator of community services for the City. At that time Montes' car collided with a car operated by Eileen Cooney ("Cooney"). As a result of the accident, Cooney brought legal action on December 27, 1989 against Montes claiming damages for injury and losses she sustained as a result of Montes' negligence. Cooney never brought action against the City or informed it of an intent to do so.
During the law suit Montes, as a third party plaintiff, impleaded the City and served it with a complaint claiming CT Page 4532 the costs that Montes incurred under Conn. Gen. Stat. Sec.7-101(b) while defending himself from Cooney's suit.
Montes' first written notice to the City was by letter dated July 26, 1990.
Montes, as required by state law, was covered by automobile liability insurance at the time of the accident and his insurance company defended the suit brought by Cooney in his name. It is also that insurance company which impleaded the City in the name of Montes. At this time Montes himself has incurred no legal fees or other costs.
Montes did receive a jury verdict in his favor in the lawsuit with Cooney and was not liable for damages. Therefore, the only loss being claimed by Montes is the attorney's fees incurred by his insurance company to defend the suit.
LAW
I. Conn. Gen. Stat. Sec. 7-465
Montes makes claim here under Conn. Gen. Stat. Sec.7-465. "To sustain an action against a municipality under this statute there must be a judgment against the employee under certain prescribed conditions . . . and where applicable, proper statutory notice to the municipality." Ahern v. New Haven,190 Conn. 77, 81. Montes has no judgment against him and thus he does not qualify. Martyn v. Donlin, 151 Conn. 402, 405.
II. Conn. Gen. Stat. Sec. 7-101a
A. Notice Required
Montes argues that there is no requirement that an employee claiming costs under Conn. Gen. Stat. Sec. 7-101a file a written notice to the employer municipality under subsection (d) of that statute because the notice provisions contained in that subsection only contemplate a situation where the injured party is bringing a claim against both the employee and the municipality. The notice subsection reads as follows:
 (d) No action shall be maintained under this section against such municipality or employee unless such action is commenced within two years after the cause of action therefore arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has CT Page 4533 been filed with the clerk of such municipality within six months after such cause of action has accured.
Our fact pattern does not fit nicely into the statute. Here the original plaintiff, Cooney, for whatever reason, sued the employee only and did not sue the City itself, even though the employee was acting within the scope of his duties as a city official at the time of the accident.
We do know that Conn. Gen. Stat. Sec. 7-101a is an indemnification statute. Orticelli v. Powers, 197 Conn. 9, 11.[1]
The questions remaining are: Was the statute written to cover the present case and does the notice requirement apply to the employee in this case?
When a statute is in derogation of common law or creates a liability where formerly none existed, as this one does, it must be strictly construed "and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction." Edmundson v. Rivera, 169 Conn. 630, 633.
A strict and literal reading of the whole statute does not give a definite answer. Subsection (a) simply says that a municipality is required to hold harmless an employee such as the plaintiff from financial loss, including legal fees, from a claim against him while he was acting in the discharge of his duties. It does not limit the protection to cases in which a plaintiff has sued both the employee and the city. It does not answer the question as to whether a city employee may utilize the statute when sued individually for his acts while in the course of his duties for the city.
Subsection (d) does state that no actions shall be maintained under this section against either the municipality or the employee unless written notice of an intention to commence such action is filed with the municipality within six months of the cause of action. Subsection (d) does not specify who is to file the notice with the municipality. However, this court holds that the person required to file that notice must be the plaintiff who is suing the employee. This holding often puts the employee in the impossible position of having to rely on an antagonistic stranger to file a notice so that the employee may be protected. The alternative is that we interpret subsection (d) to allow anyone involved as a claimant or potential claimant to file the notice. This interpretation although slightly better from the employee's standpoint again often puts him in a situation of having to anticipate that a suit is going to be brought against him in order to be able to comply with CT Page 4534 the notification requirement. It is hard to believe that the legislature would have intended that an employee had to file notification with the city of the commencement of an indemnification suit in regard to a damage suit that had not even been brought against him, and might never be.
The legislative history of subsection (d) offers no answers. However, we do have employee indemnification statutes that do not require notice. e.g. Conn. Gen. Stat. Secs. 53-39a, and 10-236a.
Although case law on this topic is scarce and no case is right on point, a few do deal with the subject. Plaintiff offers Ahern v. New Haven, 190 Conn. 77 to support his position. In that case two New Haven police officers were sued by various plaintiffs for civil rights violations which occurred prior to the enactment of either of the "indemnity statutes," sections 7-101a and 7-465. The officers then brought an action against the City of New Haven for failing to reimburse them for the costs of defending the suit under both indemnity statutes. In that action there is no sign that notice under either section7-101a(d) or section 7-465 was filed within the six month period. The Supreme Court decided the case on the merits for the City of New Haven and made little mention of the notice requirement. Plaintiff argues that because the Supreme Court decided the case on the merits when it could have simply decided the case on the issue of failure to give notice as required by both statutes the notice requirement does not apply to employees.
The court in Ahern mentions the notice requirement in a situation where claims are made against a municipality under section 7-465, and says "and where applicable, proper statutory notice to the municipality is required." Id., at 81. The fact that the court mentions the notice requirement only in passing may mean it believed that it did not apply in that case. However, it may also mean that the court simply chose to ignore it and decide the case on what they thought was a more important issue at the time, i.e., neither section 7-465 nor section7-101a were not in effect at the time of the claimed violations. Id. 80-83.[2]
The Ahern case does refer to the case of Fraser v. Henninger, 173 Conn. 52 which does speak to the notice requirement under section 7-465. In that case the court held when a plaintiff seeks to take advantage of section 7-465 to impose liability on the municipality, he must have given proper statutory notice. Id. at 56. It also said that the plaintiff need not give notice to the employee. The court reendorsed the rule that an injured party may maintain a common law action against CT Page 4535 a municipal employee covered by the statute, thereby avoiding those requirements which are unique to recovery under section7-465, the indemnification statute. Id. at 56.
The question then becomes, may the employee like the original plaintiff, avoid the notice requirement in the instant situation. Montes claims that he may because the notice requirement was intended only for the original plaintiff bringing the suit against the municipality. Although the statute can be read that way, there is no specific language in either the Ahern or the Fraser case to support this theory. Those two cases simply say that the original plaintiff avoids the notice requirement of sections 7-101a(d) and 7-465, respectively, when bringing a suit solely against the employee.
The final case on the subject is Orticelli v. Powers, supra. There the court interprets subsection (d) in a strict manner. Defendant argued that by the inclusion of the words "or employee" in subsection (d) that the legislature intended the coverage of the statute to be broader than the indemnification action and that the two year period to bring an action should apply to both the original claim against the municipal employee and any indemnification action by the municipal employee against the town. Id. at 13. The court disagreed and said the time limit did not apply to the original action but only to the indemnification suit. This implies that if the two year statutory time limit applies when the employee brings the suit, then the notice requirement should also apply to an employee's action for indemnification. The court confirms this by saying a plain reading of the whole statute indicates that the limitation and notice provisions of subsection 7-101a(d) are applicable only to actions for indemnification maintained under sections7-101a(a) and 7-101a(b). Id. at 14.
For the preceding reasons this court is unwilling to make the assumptions that Montes seeks. The statute and case law clearly say that subsection (d)'s notice requirement is applicable to subsection (a). It is true that a plaintiff may avoid that notice requirement by bringing action solely against the employee. But it is also clear from the case law that the liability of the municipality is contingent on satisfying the notice requirement. The logical step from this is that no matter who brings the section 7-101a suit, notice must be given to the municipality within the six month period. As long as a party is proceeding under section 7-101a the notice requirement of subsection (d) must be met. This is the strict reading of the statute which is required here. This court realizes that this ruling may put the municipal employee in the burdensome position of not being able to bring an indemnification suit because he was not sued until after six months had passed from the CT Page 4536 cause of action. But until a higher court rules directly on this issue or the legislature sees fit to clarify the statute[3]
this court does not have evidence to accept plaintiff's argument. Therefore plaintiff does not satisfy the notice requirement of section 7-101a(d).
B. Date of Notice
Montes next argues with respect to the notice requirement that the cause of action for this suit arose on the date that he was initially required to defend the underlying action brought by Cooney. Therefore, even though Cooney's cause of action came into existence on the date she was injured, January 29, 1988, his did not mature until January 30, 1990. As a result, Montes says that his notice to the City on July 26, 1990 satisfies the notice requirement.
Although Montes could not give notice to the City until he knew of the suit himself, it does not change the date or the event that was the cause of action. "The obligation imposed by this statute is indemnification for the legal liability arising out of certain tortious conduct of the municipal employee." Ahern v. New Haven, supra, 82. The municipality's liability in indemnity actions is derivative, e.g. Kostyal v. Cass, 163 Conn. 92, 97. Therefore, the derivative suit is based on the original cause of action in the original suit which is the accident that took place on January 29, 1988, and as a consequence notice was not given within the required six months.
III. Financial Loss
Lastly, City claims that Montes does not fall under the statute in this case because he has suffered no financial loss. The statute requires that the municipality save harmless any employee from financial loss, including legal fees and costs, if any. In this case Montes has admitted that he has spent no money in legal fees in connection with defending the law suit brought against him. At the time of the accident plaintiff had automobile liability insurance. Therefore, when he was sued his insurance company defended the claim in his name and it incurred the legal costs and expenses.
The subsection allowing this action is, inter alia, as follows:
 (a) Each municipality shall protect and save harmless any . . . municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, CT Page 4537 demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties.
A strict reading of the statute requires an employee to incur some financial loss. Montes has incurred none. Should he be denied recovery simply because he has, by contract, allocated the risks of losses and expenses to another party? If for some reason Montes' insurance policy required him to incur the costs of litigation first and then be reimbursed at a later time, Montes would have incurred a financial loss and therefore would have fulfilled that requirement of the statute.
Did the legislature intend the insurer be subrogated to the rights of the employee? The legislative history offers no insight on that question. It is impossible to know if the legislature had insurance coverage in mind when passing the statute. But, unlike subsection (d), subsection (a) is clear and unambiguous in requiring the employee to incur financial loss. Here the employee did not incur loss and therefore has no statutory right.
Even if the insurance company can be considered surrogated to his rights, it has no statutory right either. Cook v. Collins Chevrolet, Inc., 199 Conn. 245, 252-55. The reason for this is that a subrogee has no more rights against a third person than its subrogor had. Continental Ins. Co. v. Connecticut Natural Gas Corp., 5 Conn. App. 53, 60, and Montes incurred no expenses. Subrogation "is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter." Home Owners' Loan Corp. v. Sears Roebuck Co., 123 Conn. 232, 238, citing Story's Eq. Juris. (Vol. 2, 14th Ed.) Section 706.
Our statute is in derogation of the common law and it must be read strictly, requiring an employee to have suffered some financial loss. There is no hint of subrogation in it. The cases make it clear that the municipality's liability should not be extended beyond the legislative allowance.
The statute requires the employee to incur financial loss and this employee has not.
CONCLUSION
Summary judgment for the third-party defendant City of New Britain is granted because (1) third-party plaintiff has CT Page 4538 failed to satisfy the notice requirement of either section7-101a(d) or section 7-465; (2) has failed to incur any financial loss as required under section 7-101a(a) and; (3) has no judgment against him as required by section 7-465.
Summary judgment for the plaintiff is denied.
Summary judgment for the defendant is granted.
NORRIS L. O'NEILL JUDGE, SUPERIOR COURT