The defendant was charged with operating his motor vehicle recklessly on a public highway in the town of North Haven in violation of § 14-222 of the General Statutes. The case was tried to the court. The defendant was found guilty and has appealed from the judgment. In his assignment of error, he claims that the trial court erred in concluding, upon all the evidence, that he was *Page 401 
guilty of the crime charged beyond a reasonable doubt.
Section 14-222 of the General Statutes provides as follows: "No person shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions. The operation of a motor vehicle upon any highway at such a rate of speed as to endanger the life of any person other than an occupant of such motor vehicle . . . shall constitute a violation of the provisions of this section." As used in this statute, the word "recklessly" involves the intentional doing of an act or the failure to do an act "in violation of . . . duty, with knowledge of the serious danger to others involved in it or of facts which would disclose that danger to a reasonable man." State v. Camera, 132 Conn. 247, 250, and cases cited. It is "reckless indifference to the safety of others which supplies the criminal intent necessary to warrant conviction." Id., 251, quoting fromState v. Jacobsmeier, 229 Iowa 878, 880.
The determination of the credibility of the witnesses and the weight to be given to the testimony of each witness are the exclusive function of the trial court, and with its opportunity to observe the witnesses on the stand, its conclusion is rarely disturbed.State v. Coulombe, 143 Conn. 604, 607, 608. Furthermore, the trier is entitled to draw all fair and reasonable inferences from the facts and circumstances which it finds established by the evidence.State v. McDonough, 129 Conn. 483, 486. It is not the function of this court to substitute its judgment on the facts for that of the trial court.
Since the defendant has assigned as error that he was not, upon all the evidence, guilty beyond a reasonable doubt, there was no finding by the trial *Page 402 
court. Cir. Ct. Rule 7.31.1. Accordingly, this court has examined the entire evidence disclosed by the transcript of the evidence.
The following facts were undisputed: Washington Avenue is a four-lane public highway, in the town of North Haven, running in a general northerly and southerly direction. Park Lane Bowling Alleys are located on the east side of Washington Avenue in the town of North Haven and have a parking lot with exits on the north and the south which are approximately ninety feet apart. The weather on January 22, 1961, at 11:30 p.m. was clear. the condition of the highway north of the bowling alley area was good, but the surface of the highway in the vicinity of the bowling alleys was slippery owing to a thin layer of hard-packed snow. There were high snow piles on the sides of both exits of the parking lot, resulting from snow-plowing operations; these snow piles prevented the operator of a motor vehicle, when leaving the parking lot, from seeing the traffic on Washington Avenue unless he brought the front of his car onto the highway and came to a complete stop. John Bernardo had been bowling at the bowling alleys since 11 a.m. on January 22, 1961. At 11:30 p.m. on that day, he drove his vehicle from the parking lot of the bowling alleys, crossed the northbound lane of Washington Avenue, turned left onto the southbound lane and was proceeding south when he was struck in the rear by the panel truck operated by the defendant, traveling in the same direction. The point of impact was approximately fifty feet south of the south exit of the bowling alley. Defendant's truck came to a stop two feet from the point of impact. Bernardo's car continued about sixty feet before it stopped. Defendant was operating his vehicle in a southerly direction at thirty-five to forty miles an hour immediately prior to the accident. *Page 403 
The brakes on defendant's car were in good working order.
From the undisputed facts and the conflicting evidence, the trial court would have reasonably found the following facts: The complainant, Bernardo, stopped and looked north as he left the parking lot, found everything clear and emerged onto the highway in the exercise of due care. In view of the slippery condition of the highway in the vicinity of the bowling alleys and the high snowbanks at the exits therefrom, defendant was traveling at a high speed. The defendant saw the headlights of the Bernardo car north of the north exit and had sufficient notice of the presence of the Bernardo car.
The trial court could also have properly taken into consideration, in determining the manner in which defendant was operating his vehicle, the fact that he had the appearance of having drunk intoxicating liquor, together with other circumstances, and drawn any reasonable inferences as to the effect intoxicating liquor may have had upon the physical, mental, and nervous processes of the defendant.
While neither speed; State v. Andrews, 108 Conn. 209,214; nor the influence of liquor; Giddings v.Honan, 114 Conn. 473, 475; would alone be sufficient to warrant a conviction for reckless driving, such facts in conjunction with the other circumstances could properly be taken into consideration by the court in determining whether the defendant showed a reckless disregard of consequences. The trial court could reasonably conclude beyond a reasonable doubt that the defendant was at the time and place operating his vehicle recklessly under § 14-222, and its judgment should stand.
 There is no error.
In this opinion KOSICKI and TUNICK, Js., concurred.