STATE OF CONNECTICUT *v.* CHARLES A. WILSON

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 7—decided June 23, 1969

*Louis RisCassi,* special public defender, for the appellant (defendant).

*Edward J. Daly, Jr.,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

THIM, J. The sole question presented on this appeal is whether the trial court was correct in striking from evidence a statement by a state's witness which the defendant claimed was admissible as a prior inconsistent statement to attack the witness' credibility.

The jury found the defendant guilty of breaking and entering in violation of § 53-76 of the General Statutes and of larceny in violation of § 53-63. At the trial, Mrs. Rita Brescia, who had been with the defendant on the evening of the crimes, appeared as

a witness for the state and testified about the defendant's involvement in a theft at the Manchester Country Club. On direct examination, the state asked Mrs. Brescia whether she had pleaded guilty in the Circuit Court to a criminal charge which arose in connection with the defendant's alleged theft at the Manchester Country Club. Mrs. Brescia answered that she had pleaded guilty to such a charge in the Circuit Court.

Upon cross-examination, the defendant's attorney attempted to attack Mrs. Brescia's credibility by attempting to show that Mrs. Brescia had made a prior inconsistent statement concerning her plea of guilty to a criminal charge. The defendant's counsel asked Mrs. Brescia whether she remembered testifying at the defendant's probable cause hearing in the Circuit Court that she had "no criminal record whatsoever." Furthermore, the defense counsel asked her what offense she had been charged with in the Circuit Court, and she answered "breach of the peace". The trial court ordered the jury to disregard the prior statement of Mrs. Brescia that she had no criminal record whatsoever.

The trial court did not commit error by striking the prior statement of Mrs. Brescia that she had no criminal record even though it may have been inconsistent with her admission at the defendant's trial that she had pleaded guilty to a criminal charge in the Circuit Court. Mrs. Brescia's admission was immaterial and irrelevant on the issue of the defendant's guilt or innocence. Even if we assume that Mrs. Brescia was correct when she testified at the probable cause hearing that she had no criminal record, that fact could not have been shown in evidence at the defendant's trial for any purpose other than to point out the contradiction. See 3 Wigmore

(3d Ed.) § 1003. A witness may not be contradicted on cross-examination as to any answer he may have made on direct examination with respect to an irrelevant or immaterial fact. *Schurgast* v. *Schumann,* 156 Conn. 471, 482, 242 A.2d 695; *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724, cert. denied, sub nom. *State* v. *Joseph,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557; *Martyn* v. *Donlin,* 151 Conn. 402, 408, 198 A.2d 700; *State* v. *Weinrib,* 140 Conn. 247, 254, 99 A.2d 145; *Johnson* v. *Charles William Palomba Co.,* 114 Conn. 108, 115, 157 A. 902; *Todd* v. *Bradley,* 99 Conn. 307, 323, 324, 122 A. 68; *Koskoff* v. *Goldman,* 86 Conn. 415, 421, 422, 85 A. 588; *Barlow Bros. Co.* v. *Parsons,* 73 Conn. 696, 702, 49 A. 205.

At the defendant's trial and upon direct examination, Mrs. Brescia admitted that she had pleaded guilty to a criminal charge in the Circuit Court. This admission was, of course, an unfavorable one, and it inured to the defendant's benefit because Mrs. Brescia was a state's witness. Since Mrs. Brescia's contradictory statements involved a matter which was completely unrelated to the ultimate question in issue, the trial court's ruling was correct.

There is no error.

In this opinion the other judges concurred.