RICHARD CICERO *v.* E.B.K., INC., ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued May 9—decision released June 25, 1974

*William F. Gallagher,* with whom, on the brief, was *George L. Eastman,* for the appellants (defendants).

*Timothy F. Woodbridge,* for the appellee (plaintiff).

MacDonald, J. The plaintiff, while visiting a bar as a patron, suffered injuries when shot by another patron with a gun kept on the premises by the defendants, the owner and permittee of the bar. A negligence action for damages against the owner and permittee resulted in a plaintiff's verdict and the defendants have appealed from the judgment rendered thereon, assigning as error several paragraphs of the court's charge to the jury, the court's denial of their motion to set aside the verdict as not supported by the evidence, two rulings on evidence and a number of paragraphs of the finding, which is not subject to correction.[1] We will discuss separately the assignments pertaining to liability and damages.

We consider first the assignments of error addressed to that portion of the charge relating to liability, the correctness of which normally is determined by the claims of proof of the respective parties. Practice Book § 635; *Gosselin* v. *Perry,* 166 Conn. 152, 154 n.1, 348 A.2d 623. Here, however, the defendants' attack on the court's charge with respect to liability simply claims error "because it did not adequately or correctly state the law governing the liability of the defendant [sic] under the circumstances of this case." They have failed to point out, either in their assignment of errors or

---

[1] Several of the claimed errors in the finding involve matters which are factually undisputed. Other claimed errors are recitals of the plaintiff's claims of proof which are supported by evidence contained in the appendix to the plaintiff's brief. See *Gosselin* v. *Perry,* 166 Conn. 152, 154, 348 A.2d 623. One claimed error is without merit since the draft finding urged by the defendants appears to be less adequate and accurate than the finding.

their brief or in oral argument, in what respect the challenged paragraphs of the charge are incorrect statements of the law or are otherwise inapplicable to the facts of the case nor does it appear from the record that they made any request to charge on the issue they now contest. "The assignment is in itself inadequate and irregular. We cannot be asked to consider claimed errors in the charge unless they are specifically pointed out. . . . Moreover, the assignment does not state, as it should, wherein any particular portion of the charge is erroneous, but refers to a portion of the finding wherein successive and extended quotations are set forth, under the sole allegation that it is inadequate. This violates one of the definite and salutary rules of our appellate procedure." *Quackenbush* v. *Vallario,* 114 Conn. 652, 655–56, 159 A. 893; see *Furber* v. *Trowbridge,* 117 Conn. 478, 482, 169 A. 43; Maltbie, Conn. App. Proc. § 175, and cases cited. It also should be noted that the exception taken to the charge by the defendants fails to point out any specific respect in which the court's charge inadequately or incorrectly stated the law and certainly did not "state distinctly the matter objected to and the ground of objection" as required by Practice Book § 249. "This assignment is too general, and raises no question we are bound to consider. . . . [However,] [i]t may also be stated, in relation to this assignment, that the record discloses that the charge as it was given presented the issues raised by the pleadings in a plain, concise and proper manner, that the law relating to these issues was fully and correctly stated, and was amply sufficient for the guidance of the jury." *Smith* v. *Hausdorf,* 92 Conn. 579, 581, 103 A. 939.

The defendants next assign as error the court's denial of their motion to set aside the verdict as not

supported by the evidence, having specifically aban-
doned their claim that the damages awarded are
excessive. In reviewing such a decision " '[W]e are
concerned primarily with whether the court has
abused its discretion. . . . In determining this the
unquestioned rule is that "great weight is due to the
action of the trial court and every reasonable pre-
sumption should be given in favor of its correct-
ness.". . . It must always be borne in mind that liti-
gants have a constitutional right to have issues of
fact decided by the jury and not by the court.' "
*Gosselin* v. *Perry*, supra, 168.

From the evidence printed in the appendices, the
jury reasonably could have found that on October
20, 1966, the defendant E.B.K., Inc., was the backer
and the defendant Thomas J. Kennedy was the per-
mittee of premises in Hartford known as "Charley's
Northwest," which was operated by the defendants
as a bar or tavern where the general public was
invited for business purposes; that on that day
between midnight and 1 a.m. the plaintiff was shot
by one Paul "Blackie" Shannon while on the
premises; that the plaintiff was shot with the
defendant Kennedy's snub-nosed .38 Colt revolver,
which was kept on the premises in a drawer on the
right-hand side of the cash register; and that the
shooting occurred subsequent to an argument
between the plaintiff and Shannon which had con-
tinued initially for twenty to twenty-five minutes and
which had flared up intermittently thereafter
throughout the evening and was occasionally loud.

The jury also could have found that Kennedy
had allowed Shannon to work behind the bar without
supervision on many occasions and that Shannon
probably had learned of the location of the gun in

this manner; that Kennedy knew, prior to the shooting, that Shannon had a criminal record, had made no effort to check on his fitness and had no basis for assuming him to be a responsible individual; that Kennedy had exhibited the gun to patrons on numerous occasions; and that on the night in question the defendants had insufficient personnel on the premises considering its location in a troubled area where crimes of violence had frequently occurred. Even in a situation such as this, where a tortious act by a third person actually causes the injury, "[t]he question of proximate cause is so fundamentally one of fact and inference that, even where, as here, there is no dispute about the material facts, it should be left to the jury if it is open to a reasonable difference of opinion." *Edgecomb* v. *Great Atlantic & Pacific Tea Co.,* 127 Conn. 488, 492, 18 A.2d 364. For this court to intercede in a case of this kind would imply that "the constitutional guarantee of trial by jury would have little force." *Labbee* v. *Anderson,* 149 Conn. 58, 60, 175 A.2d 370. The court's denial of the motion to set aside the verdict was proper.

The defendants also have assigned as error two evidential rulings made by the trial court. They first claim that the court erred in admitting into evidence a statement signed by the defendant Kennedy on November 4, 1966. During cross-examination, Kennedy denied telling anyone that Shannon had worked behind the bar the Sunday prior to October 20, 1966, denied telling anyone that Shannon must have known of the location of the pistol because of having tended bar, and denied telling anyone that "Shannon has a police record, to my knowledge." Each of these denials was contradicted by the state-

ment he had signed on November 4, which was offered and accepted into evidence over the defendants' objection that it was hearsay and was not contradictory of his testimony.

It has long been the rule in Connecticut and most jurisdictions that extrajudicial admissions inconsistent with a party's position at the trial may be received into evidence to prove the truth of the matter stated therein and to impeach the party's credibility. *Culetsu* v. *Dix,* 149 Conn. 456, 460, 181 A.2d 116; *Bucci* v. *Gleason,* 137 Conn. 25, 31, 74 A.2d 212; *Tappin* v. *Knox,* 115 Conn. 508, 517, 162 A. 7; see 3 Wigmore, Evidence (3d Ed.) §§ 1018, 1041, 4 id. § 1048. As noted, the statement of November 4, 1966, is replete with admissions which are inconsistent with Kennedy's trial testimony. It is the defendants' contention that it did not contradict Kennedy's testimony that on October 20, 1966, he did not know that Shannon had a criminal record in that the statement was not made until November 4 of that year. It did, however, contradict his testimony that he had not told anyone that he knew that Shannon had a criminal record. Under the circumstances it was for the trier of fact to believe or disbelieve Kennedy's explanation that on October 20, 1966, he did not know of Shannon's record but did on November 4. The court did not err in admitting the statement.

During the cross-examination of Kennedy, who was the plaintiff's first witness, the defendants' counsel inquired as follows: "What was his [the plaintiff's] reputation as to truth and veracity in the neighborhood as compared to other gentlemen in like neighborhood [sic]?" The plaintiff objected on the grounds that the question could not be understood

and that it was not the proper stage of the proceedings for questions concerning the plaintiff's reputation. The court sustained the objection and the defendants duly excepted. The defendants have assigned the exclusion of this testimony as error. At the time the ruling occurred, the plaintiff had not yet testified. No offer was made to rephrase the question, nor was any claim made as to what the answer would have been. Kennedy was not recalled to the stand at any time after the plaintiff had testified.

The plaintiff's objection raised, with any degree of specificity, only the ground that it was an improper stage in the proceedings to delve into the plaintiff's reputation for veracity. The order in which evidence is received is largely within the court's discretion. *Shulman* v. *Shulman,* 150 Conn. 651, 659, 193 A.2d 525; *Hurlburt* v. *Bussemey,* 101 Conn. 406, 416, 126 A. 273; *Hennessy* v. *Metropolitan Life Ins. Co.,* 74 Conn. 699, 707, 52 A. 490. The normal and proper stage in a trial to impeach the credibility of a witness is after that witness has testified. See *Creer* v. *Active Auto Exchange, Inc.,* 99 Conn. 266, 278, 121 A. 888. Since the plaintiff had not yet testified at the time the question in issue was asked the trial court cannot be said to have abused its discretion in excluding the question at that time. Moreover, although the defendants now assert that evidence as to the truthfulness of a witness is admissible to impeach that witness, the defendants made no claim or statement of the grounds upon which they claimed the answer at the time of the objection which, as we noted, was based primarily on the ground of the untimeliness of the inquiry. See Practice Book § 226. Since the defendants made no

attempt to assert their claim of admissibility, which differed in theory from the grounds of the plaintiff's objection, nor to make any claim as to the answer to the question, the ruling excluding the evidence cannot be held to constitute reversible error. See *Mercanti* v. *Persson,* 160 Conn. 468, 476, 280 A.2d 137; *Casalo* v. *Claro,* 147 Conn. 625, 628–30, 165 A.2d 153. All this is but an application of the normal rule concerning the review of evidential rulings, whether resulting in the admission or exclusion of evidence, that an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him. *Sears* v. *Curtis,* 147 Conn. 311, 316, 160 A.2d 742; *Guerrieri* v. *Merrick,* 145 Conn. 432, 434, 143 A.2d 644; *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21, 118 A.2d 798.

In considering the issue of damages we note that, although the defendants expressly abandoned their claim that the damages awarded were excessive, they do press their claim that the court erred in charging the jury on permanent injury and compensation for any future incapacity as a result of that injury. We agree. The correctness of the charge to the jury is determined by the claims of proof of the respective parties. *Gosselin* v. *Perry,* 166 Conn. 152, 154 n.1, 348 A.2d 623. The plaintiff's claims of proof are devoid of any claim that the injury sustained was permanent or resulted in any permanent incapacity. Although there is a claim of proof that the plaintiff had two scars which were exhibited to the jury, there is no claim that the scarring in question is permanent. The court also failed to take judicial notice of the plaintiff's life expectancy. The plaintiff's age does not even appear in his claims of proof. The court, nonetheless, charged on

permanent injury and compensation therefor. The absence of claims of proof as to the plaintiff's life expectancy and age and instructions to the jury thereon is, in and of itself, sufficient to render the charge on permanent injury erroneous. *Acampora* v. *Ledowitz,* 159 Conn. 377, 385, 269 A.2d 288; see *McManus* v. *Jarvis,* 128 Conn. 707, 713, 22 A.2d 857; *Sims* v. *Smith,* 115 Conn. 279, 286, 161 A. 239; *Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 302, 308, 138 A. 147. This is particularly so where, as here, there was little or no evidence intimating the presence of any permanent injury.

There is error in part, the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.