STATE OF CONNECTICUT *v.* ALAN R. CRANE

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, Js.

Argued May 13—decision released July 29; 1975

*Marshall S. Feingold,* special public defender, for the appellant (defendant).

*Robert E. Beach, Jr.,* office of chief state's attorney, with whom, on the brief, was *Robert L. Hurney,* state's attorney, for the appellee (state).

MacDonald, J.   The defendant has appealed his conviction of robbery in the first degree in violation of § 53a-134 (a) of the General Statutes, and of kidnapping in the second degree in violation of § 53a-94. The appeal finds its way to this court under the new appellate rules effective October 1, 1974. Practice Book §§ 629A—635A.[1]

On April 23, 1973, Thomas Thornley was struck in the face by an assailant and robbed as he left the Old Saybrook Inn in Old Saybrook. Thornley's assailant then transported him in an automobile that had been leased for Thornley's use by his employer from a commercial leasing dealer to a wooded area and left him there with the automobile. Thornley managed to recover sufficiently to drive to a friend's home and was taken to a hos-

---

[1] Under the new format governing appeals in jury cases, the evidence produced at trial and included within the parties' briefs; Practice Book §§ 631A, 632A; will be discussed only when relevant to our determination of the issues raised in the briefs. See § 631A (b). Accordingly, our prior practice of setting forth the claims of proof of the parties as reflected in the finding is replaced by a brief summary of the basic facts gleaned from the briefs and sufficient to present a factual backdrop for the opinion.

pital and admitted for treatment of his injuries. Claiming to have met the defendant earlier in the evening at the inn, Thornley identified him at trial by means of a tattoo on his arm, his voice and his profile. The defendant produced alibi witnesses who stated that he remained at the inn throughout the night, leaving only briefly, and for a time insufficient to have committed the crime. The defendant has assigned error in a ruling by the court allowing certain impeachment evidence to be introduced. He further claims that a negligent loss of evidence resulted in a denial to him of due process of law. Error is also claimed in the court's denial of the motion to set aside the jury's verdict of guilty on both counts.

During cross-examination of the defendant the state's attorney asked the defendant if he had on a prior occasion suggested to one Elizabeth Loomis the performance of criminal acts similar to those with which he was charged in the present case. The defendant denied this accusation. As part of its rebuttal, the state produced Elizabeth Loomis who, over objection by the defendant, was allowed to testify in an attempt to contradict the defendant's testimony. She stated that about two years previously in the Deep River Inn she mentioned to the defendant that she could lure someone at the bar to the parking lot where the defendant could "mug" him, and that the defendant, "being a gentleman," agreed. On cross-examination, she emphasized that she was the one who had made the proposition. The court had previously cautioned the jury as to the effect they were to give testimony concerning credibility, and in its charge it instructed the jury that a prior inconsistent statement by the defendant could be used to test his credibility.

The defendant has assigned as error the court's ruling allowing Miss Loomis to testify on essentially two grounds: (1) Her testimony constituted impeachment of the defendant upon a collateral matter; and (2) her testimony was not inconsistent with the defendant's responses to the state's questions. It is axiomatic that prior inconsistent statements may be admitted into evidence to impeach a witness' credibility in certain, limited situations. *Thomas* v. *Ganezer,* 137 Conn. 415, 78 A.2d 539. The defendant contends that the correctness of the court's ruling in allowing this rebuttal testimony is governed by the rule in *Martyn* v. *Donlin,* 151 Conn. 402, 408, 198 A.2d 700 and *Shailer* v. *Bullock,* 78 Conn. 65, 70, 61 A. 65, that extrinsic evidence may not be used to contradict the testimony of a witness with regard to an irrelevant or collateral fact or as to particular acts of misconduct. See *State* v. *Wilson,* 158 Conn. 321, 324, 260 A.2d 571.

The court heard the testimony of Miss Loomis in the absence of the jury prior to ruling on the defendant's objection. Her testimony was to the effect that it was she who suggested the earlier scheme to the defendant and, thus, her testimony actually was not inconsistent with the defendant's denial that he had initiated a prior scheme similar to the present crimes. If the sole purpose of Miss Loomis' testimony was to demonstrate an inconsistency, it is clear that the offer of proof and her subsequent testimony before the jury point to no inconsistency. Similarly, if this is viewed as an attempt to impeach by highlighting specific acts of misconduct by the defendant, it violates the *Shailer* rule. *State* v. *Wilson,* supra.

The state now argues that, rather than displaying an inconsistency in statements of the accused, within and without the courtroom, the testimony of Miss Loomis displays conduct that is inconsistent with the defendant's "present stance" during the trial. This appears to be no more than an attempt to impugn his character by showing prior misdeeds. The Loomis episode is not, as the state claims, an extrajudicial admission "inconsistent with . . . [the defendant's] position at the trial [which] may be received into evidence to prove the truth of the matter stated therein and to impeach the party's credibility." *Cicero* v. *E.B.K., Inc.,* 166 Conn. 490, 496, 352 A.2d 309. If the defendant entered into any arrangement with Miss Loomis at a prior time to commit an act similar to the one charged, it could not be viewed as an admission relevant to the trial of the present case since it is a wholly separate incident. See *State* v. *Groos,* 110 Conn. 403, 407–408, 148 A. 350.

The state further urges that the testimony of Miss Loomis may have been admissible on the issues of identity and intent. This was not the basis of the state's offer of such testimony and it is clear from the court's cautionary instructions that this evidence was to be considered only on the issue of the defendant's credibility and that its admissibility must be weighed on that basis alone. In this context we find that the court erred in allowing such impeachment testimony.

Since a new trial is necessary, we need not discuss the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.