## STATE OF CONNECTICUT *v.* GLADYS HORTON
### (3347)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 6—decision released August 5, 1986

*Louis S. Avitabile,* for the appellant (defendant).

*David Shepack,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's

attorney, *Susan C. Marks,* assistant state's attorney, and *Thomas Miano,* former assistant state's attorney, for the appellee (state).

HULL, J. This case involves the issue of whether the defendant "opened the door" to extrinsic evidence of prior larcenous misconduct when she denied, on direct examination, that she had ever taken anything from anyone's home other than on one previous occasion. After a jury trial, the defendant was convicted of larceny in the first degree, a violation of General Statutes § 53a-122 (a) (2), based on her wrongful taking on October 5, 1982, of over $10,000 worth of jewelry from Beatrice Goodrich, an invalid for whom she worked as a nurse's aid. The defendant appeals from the judgment of conviction rendered on the verdict claiming that the trial court committed reversible error by allowing the state to impeach her by extrinsic evidence of welfare fraud and by authorizing the jury in its charge to consider that testimony.[1]

The defendant's claims arose in the following factual context. At trial, the state introduced evidence during its case-in-chief that on August 7, 1981, the defendant took jewelry from Edna Hart, another invalid for whom she had worked as a nurse's aide. While presenting her case, the defendant testified on direct examination and admitted the 1981 theft, but denied that in the seventeen years of her career as a nurse's aide she had ever taken anything from any other home before the incident

---

[1] The defendant also claims that the testimony should not have been admitted because she was not convicted of "welfare fraud" and, therefore, any fraud was "non-existent." This ground for excluding the evidence, however, was not raised at the trial level. Additionally, the defendant has not made a sufficient showing that she was deprived of a fundamental right and a fair trial so as to persuade this court to invoke its "principled appellate discretion"; *State* v. *Cosby,* 6 Conn. App. 164, 172–74, 504 A.2d 1071 (1986); and review her claim even absent the appropriate objection and exception. Accordingly, we do not consider this claim.

of August 7, 1981. The defendant's attorney then asked her whether she had taken anything from any home where she was assigned to work between August 7, 1981, and her arrest on the pending charges. The defendant replied: "No, I haven't taken anything else, period."

On cross-examination, over the objection of defense counsel that the testimony went to a collateral issue, the state was allowed to ask the defendant about working for Nurse Registry, Incorporated, while receiving state welfare and about filling out state welfare forms as to where she was working between 1980 and August, 1982. The defendant admitted that she received welfare while working on and off from 1980 to August, 1982. She claimed, however, that she told the department of income maintenance about all sources of income and that she did not make any false representations.

In its rebuttal case, the state offered Trooper John Donahue as a witness to testify that the defendant had been involved in four welfare redetermination interviews and that she had not mentioned her work for Nurse Registry, Incorporated, during any of the interviews. The defendant objected. The trial court found that on direct examination the defendant had testified that she had not taken anything from anyone during seventeen or eighteen years of her nursing career prior to 1981, and that she had claimed that the only time she had taken anything was the item taken in 1981. On cross-examination she had claimed to have given full disclosure of her work history to the department of income maintenance. The court concluded, based on these findings, that Donahue's proffered testimony was in direct contradiction to that given by the defendant and, accordingly, it overruled the objection. The defendant excepted on the grounds of relevancy and materiality. Donahue then testified that department of income maintenance records showed that the defendant had

not reported her employment with Nurse Registry, Incorporated, although the Registry's records indicated that she had been employed periodically while receiving welfare benefits. He also stated that his investigation showed that the department of income maintenance gave money to the defendant to which she was not entitled. In its instructions to the jury, the court charged that this testimony could be used to evaluate whether the defendant's testimony that she never took anything should be credited. The defendant excepted to this portion of the charge.

The defendant first argues that the trial court erred in allowing the state to introduce extrinsic evidence to show a prior act of misconduct, the alleged welfare fraud. The state claims that this claim is not reviewable because the defendant did not distinctly object to admission of the testimony at trial. We disagree with the state's argument. "Evidentiary rulings ordinarily must be preserved for appellate review by an exception. *State* v. *Hoffler,* 174 Conn. 452, 461, 389 A.2d 1257 (1978). 'The purpose of requiring an attorney to except is not merely formal. An exception serves the important function of alerting the trial court to error while there is time to correct it without ordering a retrial.' *State* v. *Jones,* 193 Conn. 70, 88, 475 A.2d 1087 (1984)." *State* v. *Jackson,* 3 Conn. App. 132, 135, 485 A.2d 934 (1985). Here, the defendant objected to the testimony regarding welfare fraud and her subsequent arrest arguing that the evidence was irrelevant, immaterial and that "the court has to cut off some things that are collateral . . . ." She also excepted on relevancy and materiality grounds to the trial court's subsequent ruling admitting the evidence. In our view of the case, the defendant's objection, although not as precise as it could have been, did suffice to alert the trial court to the evidentiary issue involved in this appeal. Accordingly, we will review the defendant's related claims that

the trial court erred in admitting Donahue's testimony and in authorizing the jury to consider it.

It is beyond dispute that a witness may be impeached by specific acts of misconduct which relate to veracity, but not by those that merely illustrate general bad behavior. *State* v. *Roma,* 199 Conn. 110, 116–17, 505 A.2d 717 (1986); *Martyn* v. *Donlin,* 151 Conn. 402, 408, 198 A.2d 700 (1964); *Vogel* v. *Sylvester,* 148 Conn. 666, 675, 174 A.2d 122 (1961); Tait & LaPlante, Handbook of Connecticut Evidence § 7.22a. "A . . . witness [is not] subject to cross-examination concerning collateral bad acts unless they [involve] veracity; *State* v. *Orsini,* 187 Conn. 264, 268, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982) . . . ." *State* v. *Perry,* 195 Conn. 505, 523, 488 A.2d 1256 (1985); see generally McCormick, Evidence (3d Ed.) § 42. The only way to prove misconduct of a witness for impeachment purposes, however, is through cross-examination of the witness himself. *Martyn* v. *Donlin,* supra, 408. It has long been the rule in Connecticut that extrinsic evidence may not be used to contradict the testimony of a witness with regard to a particular act of misconduct. *Shailer* v. *Bullock,* 78 Conn. 65, 70, 61 A. 65 (1905). "[I]f the witness stands his ground and denies the alleged misconduct, the examiner must 'take his answer' not that he may not further cross-examine to extract an admission, but in the sense that he may not call other witnesses to prove the discrediting acts." McCormick, supra, § 42.

The state does not dispute that extrinsic evidence is generally inadmissible to prove particular acts of misconduct where those acts are offered solely for impeachment. Rather, it urges this court to create an exception to this long standing rule by holding that extrinsic evidence on a topic may be introduced where the defendant "opens the door" to that evidence by testifying about it on direct. In support of its argument, the state

points to cases where our Supreme Court has stated that a party "opens the door" to otherwise inadmissible evidence by initiating discussion about it. See *State* v. *Graham,* 200 Conn. 9, 13, 509 A.2d 493 (1986); *State* v. *Glenn,* 194 Conn. 483, 498, 481 A.2d 741 (1984). In those cases, however, the Supreme Court discussed *cross-examination* about the topic, not introduction of extrinsic evidence on it. We view this as a vital distinction.

As discussed above, our Supreme Court has repeatedly held that acts of misconduct may not be proved extrinsically. *State* v. *Crane,* 169 Conn. 242, 245, 362 A.2d 843 (1975); *Martyn* v. *Donlin,* supra, 408; *Shailer* v. *Bullock,* supra, 70. In the face of this precedent, it is not proper for this court to establish the exception urged by the state. *State* v. *Knighton,* 7 Conn. App. 223, 229, 508 A.2d 772 (1986); *D'Arcy* v. *Shugrue,* 5 Conn. App. 12, 29, 496 A.2d 967, cert. dismissed, 197 Conn. 812, 499 A.2d 56 (1985). Accordingly, we conclude that the trial court erred in admitting Donahue's testimony about the welfare fraud and in charging the jury that it could consider this testimony.

Having found that the trial court erred, we now consider whether these errors were harmful to the defendant. Where, as here, the error is not of constitutional dimension; see *State* v. *Smith,* 198 Conn. 147, 156, 502 A.2d 874 (1985) (rule concerning the admission of evidence of other crimes is a rule of evidence and not of constitutional law); the defendant bears the burden of demonstrating that it was harmful. *State* v. *Januszewski,* 182 Conn. 142, 174, 438 A.2d 679, cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981). She has not met this burden. In addition to the improperly admitted evidence, the jury had before it testimony concerning a prior theft the defendant admitted to having committed under circumstances very similar to those alleged by the state in the charges

for which the defendant was being tried. Additionally, the defendant admitted while testifying that she had lied to the police when they first confronted her with the 1981 theft charges. Accordingly, even without the improperly admitted testimony, the defendant's credibility had been thoroughly impeached. Finally, there was substantial evidence of the defendant's guilt: after the theft, jewelry that matched the description of that stolen was seen in the defendant's possession, and she did not report to work as scheduled on October 6, 1982. Under these circumstances, we cannot say that the erroneous actions of the court likely affected the result. *State* v. *Talton,* 197 Conn. 280, 289, 497 A.2d 35 (1985). Accordingly, we conclude that the admission of Donahue's testimony, and the corresponding charge to the jury, while erroneous, were harmless.

There is no error.

In this opinion the other judges concurred.