JANICE MARSH *v.* HENRY WASHBURN
(4759)

HULL, SPALLONE and BIELUCH, Js.

Argued March 12—decision released July 7, 1987

*Van A. Starkweather,* with whom were *Paul B. Groobert* and, on the brief, *Frederick Murolo,* for the appellant (plaintiff).

*David J. Elliott,* for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from the judgment rendered by the trial court after a jury returned a defendant's verdict. The plaintiff, in a broad-based attack upon the conduct of the trial judge, claims that the court erred (1) in improperly allowing the defendant to attack the credibility of the plaintiff by suggesting she had committed welfare fraud and then in giving a curative instruction specifically intended to lend credence to the accusation, (2) in assuming the role of advocate in its charge to the jury and by instructing the jury to disregard that part of the plaintiff's closing argument concerning the credibility of an investigating police officer, (3) in allowing a police officer to reconstruct the accident by way of opinion testimony and in admitting an accident reconstruction diagram prepared by him, (4) in allowing defense counsel to examine the plaintiff's passenger as to her claim against the plaintiff's insurance company while precluding the plaintiff's counsel from inquiring as to her reasons for this claim, and in refusing to charge the jury properly as to the evidence on this matter, (5) in allowing the defendant to impeach the plaintiff's credibility through the use of a prior withdrawn claim for lost earning capacity and in instructing the jury that they could consider the withdrawn claim as a prior inconsistent statement, (6) in instructing the jury on driving while intoxicated or impaired when there was insufficient evidence to support such a charge, (7) in instructing the jury on reckless driving when there was insufficient evidence in the record to support such a charge, (8) in instructing the jury that the plaintiff's failure to file a motor accident report was an admission, (9) in refusing to charge the jury that if the defendant had not used reasonable care to avoid the accident, then the jury could find for the plaintiff, and (10) in admitting into

evidence the defendant's self-serving statement to the police, in refusing the plaintiff's request that the jury disregard the statement, and in charging the jury to consider the statement as a prior consistent statement. We find no error.

The jury could have reasonably found the following facts. During the early morning hours of June 3, 1981, the defendant was operating his 1978 Chevrolet pick-up truck in a westerly direction on Burnside Avenue in East Hartford. At the area where the accident occurred, Burnside Avenue consists of four lanes, two traveling in an eastbound direction and two in a westbound direction. The lanes are divided in the center of the roadway by a double yellow line, with the two lanes in each half of the roadway further subdivided into two distinct lanes of travel by a single broken white line. Just prior to the point of collision, the defendant was operating his vehicle in the farthest right hand or northerly lane of the westbound portion of Burnside Avenue closest to the right shoulder of the road. The plaintiff was driving her vehicle easterly from the opposite direction.

Burnside Avenue curves sharply at the point where the accident occurred. The vehicle driven by the plaintiff, a 1966 Volkswagen, moving at an excessive rate of speed, suddenly crossed the center line of Burnside Avenue and continued into the farthest westbound lane of travel, where the defendant was operating his vehicle, and struck the defendant's vehicle approximately in the center of the most northern, westbound lane of travel. The defendant never left the farthest right hand lane in which he was traveling and the vehicles came to rest at the point of impact. The plaintiff's high rate of speed precluded the defendant from taking evasive action. He had no time to blow his horn or to turn the steering wheel between the time he observed the plaintiff's car and the time of the impact.

Subsequently, the plaintiff brought suit against the defendant claiming damages for personal injuries arising out of the accident. The defendant filed his answer denying the material allegations of the complaint and alleging two special defenses. The first of these alleged that the plaintiff had impaired her facilities by consuming alcohol on the evening of the accident, which consumption substantially contributed to her damages, and the second alleged that the plaintiff was guilty of contributory negligence on various statutory and common law grounds. The plaintiff denied the special defenses and claimed the case to a jury. During the four day trial that ensued, the plaintiff, with the permission of the court, filed an amended complaint withdrawing certain claims for damages that had been made in the original complaint. The case went to the jury, which, after deliberating approximately twenty-seven minutes, returned a defendant's verdict. The plaintiff's motion to set aside the verdict was denied and this appeal followed.

The plaintiff's first claim of error alleges that the court improperly permitted the defendant to attempt to impeach her testimony by suggesting that she had committed welfare fraud. The plaintiff further alleges that the court's curative instructions were inadequate. We disagree.

During cross-examination of the plaintiff, the defendant inquired whether the man, with whom the plaintiff testified she had been living for the ten year period previous to the accident, had been contributing during this period to her and her children's support. The plaintiff initially responded that she and this individual were sharing expenses for most of their relationship, but then added that such was the case "only after I got off of welfare." After this response, the defendant inquired whether the plaintiff had advised the department of

welfare in writing that the plaintiff's companion was contributing to her expenses and if she did, whether the welfare department permitted her to continue to receive welfare payments. The trial court, over the plaintiff's objection, permitted such questions, ruling that a witness may be impeached by revealing specific acts of misconduct if the misconduct relates to the plaintiff's truthfulness and veracity. The plaintiff then testified that she did in fact advise the department of welfare of her relationship with her companion, and counsel for the defendant asked no further questions on this subject. The next trial day, the court found that counsel for the defendant acted in good faith when he inquired of the plaintiff with regard to the department of welfare. The court immediately thereafter gave a curative instruction[1] to the jury and later in its charge to the jury gave an additional curative instruction[2]

---

[1] The court gave the following curative instruction: "I think it was two days ago, ladies and gentlemen, a series of questions, a short series of questions, I think we asked on cross-examination of Miss Marsh. . . . Mr. Elliott had asked a question on cross-examination as to whether that information has been disclosed to the Welfare Department and she had answered yes. Now, to the extent that those questions were asked and that answer was given, the Court wishes to declare to you that there was a good faith basis for asking those questions by Mr. Elliott, but the Court wants to caution you that you and I are bound by the answer. So we must accept as an unimpeachable answer her statement, Miss Marsh's statement, that she disclosed that information to the Welfare Department and you are not to draw any negative inferences that would be unfair to Miss Marsh and would be inappropriate in view of our rules of evidence. You must not draw any inferences that Miss Marsh did other than what she testified under oath."

[2] The court gave the following curative instruction in its charge to the jury: "Now, ladies and gentlemen, the fact that the plaintiff was a recipient of public assistance at the time of this accident is of no import. It is not relevant in your determining who was at fault in this accident. You will recall that the plaintiff stated that she advised the State Welfare Department that she was sharing expenses with a live-in companion. The parties and you are bound by this answer. No evidence of specific misconduct was established by this series of questions. You are not to infer any suggestion of misconduct in this matter by the plaintiff."

which, in essence, cautioned the jury not to draw any negative inferences of misconduct on the part of the plaintiff.

"It is beyond dispute that a witness may be impeached by specific acts of misconduct which relate to veracity, but not those that merely illustrate general bad behavior." *State* v. *Horton,* 8 Conn. App. 376, 380, 513 A.2d 168, cert. denied, 201 Conn. 813, 517 A.2d 631 (1986); see also *State* v. *Martin,* 201 Conn. 74, 85–86, 513 A.2d 116 (1986); *State* v. *Roma,* 199 Conn. 110, 116–17, 505 A.2d 717 (1986). In this case, the original reference to being on welfare was volunteered by the plaintiff. The minimal questioning of the plaintiff by counsel in response to this answer was a permissible attempt by counsel to impeach the witness' veracity, an attempt that the court found to be made in good faith.[3] When the plaintiff denied making any misrepresentations to the welfare department regarding her companion's contributions to her support, the defendant made no attempt to introduce extrinsic evidence on this matter. *State* v. *Horton,* supra, 380–81. We find no error in the trial court's refusal to sustain the plaintiff's objection to the defendant's question on this matter. Furthermore, the court's curative instruction properly stated the law. There is no merit to the plaintiff's first claim of error.

In her second claim, the plaintiff asserts that the trial court erred in commenting on the plaintiff's categorization of the character of Officer Richard Maloney of the East Hartford police department, who had investigated the accident. During his final argument to the jury, the plaintiff's counsel stated, "I was feeling like

---

[3] With the jury excused, counsel for the defendant represented to the court that his basis for his questioning was that "[m]y present information is that [the plaintiff] did not notify the welfare department that she was obtaining support from a third party."

this [police officer] wanted to bury the plaintiff." In its charge to the jury, the court stated, "these assertions were not substantiated by the evidence, so you should not give them serious consideration." The court continued its charge by stating, "You are, of course, free to accept or reject, in whole or in part, Officer Maloney's testimony, but you should do this based on those standards of credibility that I have instructed you upon and also based upon the evidence that was presented to you."

Our reading of the transcript reveals that the comments made by the trial court were appropriate in the light of the nature of plaintiff's counsel's assertions as to the motivations behind the police officer's testimony. The trial court occupies a unique position in the trial of a case; the court is not simply a neutral observer of a forensic contest, but has an obligation to see that justice is done. The court may, in its discretion, call the attention of the jury to the evidence or lack of evidence on any point in issue and comment on the weight of the evidence as long as the court does not advise or direct the jury how to decide the case. *State* v. *Hines,* 187 Conn. 199, 210, 445 A.2d 314 (1982); *State* v. *DeMatteo,* 186 Conn. 696, 705, 443 A.2d 915 (1982). We find no error in the court's charge with regard to the investigating police officer.

In her third claim of error, the plaintiff asserts that the court erred in admitting into evidence a diagram of the scene of the accident prepared by Maloney and in allowing the officer to "reconstruct" the accident to the jury. The plaintiff characterizes the diagram drawn by Maloney as an "accident reconstruction diagram," and asserts that the diagram should not have been admitted into evidence because the police officer had no special training or expertise as an accident reconstruction expert.

The trial court acted properly in admitting the diagram, not as an "accident reconstruction diagram," but as a field diagram drawn by the officer at the scene depicting his visual observations of the scene along with his inference as to the direction of travel of the plaintiff's vehicle. The diagram set forth what his investigation revealed: the location of glass, debris and skid marks, the approximate point of impact, the resting location of the vehicles, measurements from pertinent reference points, and the path taken by the plaintiff's vehicle. Furthermore, Maloney testified that he was a member of the East Hartford Police Department for sixteen years (twelve at the time of the accident), had graduated from the Connecticut Municipal Police Academy, and taken specific courses in investigation and investigation of traffic accidents, and had investigated hundreds of motor vehicle accidents personally during his tenure with the East Hartford Police Department. It is largely a matter of judicial discretion whether a witness has been shown to have sufficient experience and opportunity to render an opinion of value. If reasonable qualifications can be established, any objection goes to the weight rather than the admissibility of the evidence. *Waldron* v. *Raccio,* 166 Conn. 608, 613, 353 A.2d 770 (1974); see also *Going* v. *Pagani,* 172 Conn. 29, 31–32, 372 A.2d 516 (1976). We cannot say that the trial court abused its discretion in allowing into evidence the diagram prepared by Maloney and allowing the officer to explain the results of his investigation. See *Liskiewicz* v. *LeBlanc,* 5 Conn. App. 136, 139–40, 497 A.2d 86 (1985); *Spoto* v. *Hayward Mfg. Co.,* 2 Conn. App. 663, 669–70, 482 A.2d 91 (1984).

In her fourth claim of error, the plaintiff asserts that the court erred in allowing the defendant to elicit certain testimony on cross-examination from Nancy Johnson, a passenger in the plaintiff's vehicle, who was injured in the accident. Over the plaintiff's objection,

Johnson testified on cross-examination that she had made a claim for injuries against the plaintiff's representative but not against the defendant. The plaintiff argues that such cross-examination was improper because it revealed evidence of an offer of compromise with a third party.

There is no merit to this contention. In her direct examination, Johnson testified that she had observed the plaintiff's demeanor prior to the accident and observed nothing in her behavior to indicate that the plaintiff had been affected by drinking. She further testified that, prior to the impact, she observed nothing unusual about the plaintiff's operation of the motor vehicle. The obvious intent of this testimony was for Johnson to suggest that the plaintiff was properly operating her vehicle and was not at fault for the accident. On cross-examination, she testified that she received broken bones, an injured knee, 180 stitches in the head, and that she was still disabled as a result of the accident. The defendant thereafter elicited testimony that Johnson had made a claim for her injuries against the plaintiff's representative, but not against the defendant. The apparent purpose of this questioning was not, as the plaintiff claims, to elicit evidence of an offer of compromise with a third party, but to impeach Johnson's credibility by revealing conduct that was inconsistent with her suggestion that the plaintiff had properly operated her vehicle on the night of the accident. The defendant has every right on cross-examination to discredit testimony when he can show, as in this case, that the action taken by the witness was inconsistent with testimony given on direct examination. A witness can be impeached by proof of inconsistent testimony or conduct which is contrary to the witness' direct testimony. See C. Tait & J. LaPlante, Connecticut Evidence § 7.24 (1976). Inconsistent positions may be shown by conduct as well as by state-

ments. See id.; *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 56–57, 192 A. 317 (1937); *Davidson* v. *O'Connell,* 114 Conn. 116, 125, 158 A. 207 (1932); see also *State* v. *Ghere,* 201 Conn. 289, 300–305, 513 A.2d 1226 (1986). The trial court did not err in allowing cross-examination of the plaintiff's witness to show conduct inconsistent with her testimony.

In her fifth claim, the plaintiff contends that the court erred in allowing the defendant to impeach the plaintiff's credibility through the use of a prior withdrawn claim for lost earning capacity and in instructing the jury that it could contrast the plaintiff's present and withdrawn claims. During the trial, the plaintiff filed an amended complaint withdrawing her previous claim for lost wages. On cross-examination, the plaintiff responded to the defendant's questions about this withdrawal by stating that "on further thought we've decided that [the plaintiff's earning capacity] wasn't really [impaired]" and "on second thought it was not valid." The plaintiff claims the court erred in allowing such cross-examination and in instructing the jury that it could contrast the allegations of the complaints. We disagree.

Where statements have been withdrawn from complaints, such statements are admissible into evidence as evidentiary admissions of the party who filed the pleadings, just as would any extra judicial statements of the same import. This rule is long established. See *Dreier* v. *Upjohn Co.,* 196 Conn. 242, 244, 492 A.2d 164 (1985), and cases cited therein. There is no merit to this claim of error.

The plaintiff's sixth and seventh claims of error are based upon the alleged insufficiency of the evidence to warrant the court's charge to the jury on driving while intoxicated or impaired and reckless driving. There was testimony that the plaintiff had been drinking prior to

the accident, that she was operating her vehicle "very fast" and at an inappropriately high speed considering the road conditions, and that she lost control of her vehicle, crossed over the center line and collided with the defendant's vehicle. This evidence was sufficient to justify a charge on impairment or intoxication; see *Way* v. *Pavent,* 179 Conn. 377, 379–80, 426 A.2d 780 (1979); *Higgins* v. *Champ,* 161 Conn. 200, 203, 286 A.2d 313 (1971); and reckless driving; *Fleming* v. *Becker,* 162 Conn. 563, 565, 295 A.2d 524 (1972); *State* v. *Mahalik,* 22 Conn. Sup. 400, 403, 173 A.2d 897 (1961). The weight to be given to such evidence was a question for the jury. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978); *Eagar* v. *Barron,* 2 Conn. App. 468, 470–71, 480 A.2d 576 (1984).

In connection with the charge on intoxication, the plaintiff also asserts that the court misled the jury by stating, during the charge, that Maloney testified that he detected an alcoholic odor on the breath of the plaintiff at the hospital. The trial court seems to have erred in its recollection because a review of the transcript offers no support for this statement. The court had previously admonished the jury, however, that the jury's recollection of the evidence, not the court's, was to be applied with respect to the evidence and the facts. See *Gosselin* v. *Perry,* 166 Conn. 152, 165, 348 A.2d 623 (1974) (misstatement by trial court can be rendered harmless by instruction that jury is to depend on its own recollection). Even if we were to assume that the court erred by misstating the evidence in its charge on impairment and intoxication, there was evidence to sustain a defendant's verdict on the basis of the special defense alleging the plaintiff's reckless driving. Both the intoxication and reckless driving claims were raised by the defendant as special defenses. Under the general verdict rule, where the court's instructions to the jury are shown to be proper and adequate to any one

of the defenses raised, the general verdict will stand irrespective of any error in the charge as to the others. *LaFleur* v. *Farmington River Power Company,* 187 Conn. 339, 343, 445 A.2d 924 (1982); see also *Finley* v. *Aetna Life & Casualty,* 202 Conn. 190, 202–203, 520 A.2d 208 (1987).

In her eighth claim, the plaintiff asserts that the trial court erred in instructing the jury that the plaintiff's failure to file a motor vehicle accident report, despite a statutory duty to do so, may be considered as an admission. The court charged that the failure to file an accident report may be an admission in the sense that "when the plaintiff is silent in the face of a legal duty to speak, one may infer that had she spoken it would not have helped her cause."[4] The plaintiff claims

---

[4] The relevant portion of the court's charge is as follows:

"Now, there was evidence in this case to the effect that the plaintiff and the defendant made statements on other occasions which differ from the testimony they have given on the stand. You're entitled to consider these statements in two respects. You're entitled to consider that information in weighing the credibility of a party. A witness' testimony is discredited when it appears that on another occasion she or he has made a statement inconsistent with his or her present testimony or claim.

"Now, because the plaintiff and the defendant are parties to this case, the statements made by them are what our law terms admissions. An admission of a party to a suit made out of court is admissible as proof of the matter stated in it. In other words, if you choose to do so, you may treat the statement as proof of the facts contained therein. Such an admission may also be considered an inconsistent statement because conduct of such a party in respect to matters in dispute, whether by act, speech or writing, which is inconsistent with the thrust of any of their contentions on the witness stand is a fact relevant to the issue involved in any such contention. It is for you to determine what weight is to be given to any alleged admission. In that connection, you should consider the circumstances under which the statements were given as bearing upon the weight it is to be accorded.

"Now in this regard you may consider the plaintiff's failure to file an accident report as an admission. Under our law, any operator of a motor vehicle involved in an automobile accident in which anyone is injured or property is damaged is under an obligation to file a written report of that accident with the Commissioner of Motor Vehicles. The plaintiff's failure to file such a report when she was under a legal duty to do so may be viewed

that the instruction was unwarranted under the circumstances of this case because the plaintiff testified that she was unaware of her statutory duty, and that without such an awareness on her part, it is improper to infer that her failure to file an accident report was motivated by a desire to withhold information harmful to her claims.

The plaintiff, however, never made this specific claim when excepting to the court's charge. Then, she stated only that the evidence in the record was insufficient to support a charge on implied admissions.[5] She made no reference to her ignorance of the statute, nor did she claim that her testimony rebutted any negative inference that the jury could draw from her failure to file the accident report. Exceptions to a trial court's charge must be distinct and specific to preserve the claim. *State* v. *Carter,* 198 Conn. 386, 396, 503 A.2d 576 (1986); *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 244 n.4, 522 A.2d 829 (1987). "The requirement that the claim be raised 'distinctly' means that it must be 'so stated as to bring to the attention of the court the precise matter on which its decision is being asked.' (Emphasis added.) *Woodruff* v. *Butler,* 75 Conn. 679, 682, 55 A. 167 (1903)." *State* v. *Carter,* supra. The purpose of the rule is to alert the court to any claims of error while there is still an opportunity for correction in order to avoid the economic waste and increased court congestion caused by unnecessary

as an admission on her part. In other words, when the plaintiff is silent in the face of a legal duty to speak, one may infer that had she spoken it would not have helped her cause.

"Additionally, you may consider the defendant's motor vehicle accident report as to how the accident occurred . . . . "

[5] The plaintiff made the following exception: "We except to the giving of a charge on the plaintiff's failure to file a Department of Motor Vehicle report as an admission. I do not think that there was sufficient evidence in the record to indicate that she would reasonably have spoken in terms of an implied admission and the standards that apply to the finding of implied admission."

retrial. *State* v. *Callari,* 194 Conn. 18, 25, 478 A.2d 592 (1984), cert. denied, 469 U.S. 1210, 105 S. Ct. 1178, 84 L. Ed. 2d 327 (1985); *Shenefield* v. *Greenwich Hospital Assn.,* supra, 244 n.4. We find that the plaintiff's exception to the trial court's charge was inadequate to alert the trial court to the specific error claimed on appeal and that the plaintiff therefore failed to preserve this claim of error. Accordingly, we decline to review this claim.

The plaintiff's ninth claim of error, that the court erred in refusing to charge in accordance with the plaintiff's request to charge, is without merit. The plaintiff's request to charge on reasonable care included the following statement: "If you find that the defendant observed the plaintiff's vehicle and impending collision with sufficient time under the exercise of reasonable care to prevent the accident by turning, braking or slowing his vehicle and that he failed to do so and that this negligence was the proximate cause of the plaintiff's injuries, then you must find for the plaintiff." In its charge, the court stated that both the plaintiff and defendant, as operators of a motor vehicle, were required to keep a proper lookout; that an operator of a motor vehicle could not excuse himself by saying that he did not see such other vehicles or persons; that an operator is charged not only with notice of conditions which he knows to exist but also with notice of those conditions which would have been brought to his attention had he been exercising reasonable care; that when reasonable care requires, an operator must reduce his speed or turn out to avoid a collision with other vehicles or persons on the highway; and that the jury must decide whether the plaintiff had proved that a reasonably prudent person would have applied his brakes at any earlier time than the defendant may have done in this case.

The court's charge adequately expounded upon the respective duties of the parties to exercise reasonable care. The court is not required to charge in the exact words requested by the plaintiff if the point is fairly covered in the charge. *Tomczuk* v. *Alvarez,* 184 Conn. 182, 190, 439 A.2d 935 (1981). Instructions are adequate if they give the jury a clear understanding of the issues and proper guidance in determining those issues. Id. We find that the charge given by the court included the essential elements of the plaintiff's request to charge and was not erroneous.

In her final claim of error, the plaintiff contests the admission into evidence of a prior consistent statement made by the defendant. The plaintiff, after calling the defendant as a witness, attempted to impeach him by pointing out alleged discrepancies between his testimony at trial and the information contained on his motor vehicle accident report regarding the location of the collision between the vehicles. The report was dated June 10, 1981. After the report was entered into evidence by the plaintiff, the defendant offered a statement, dated June 3, 1981, given by him to the investigating officer that was consistent with his trial testimony. The trial court ruled that such a statement was admissible, not for the truth of the statement, but as bearing upon the defendant's credibility. A trial court, in its discretion, may admit a prior consistent statement to rehabilitate a witness impeached on the basis of his own prior inconsistent statements. *State* v. *McCarthy,* 179 Conn. 1, 20–21, 425 A.2d 924 (1979); *State* v. *Dolphin,* 178 Conn. 564, 571–72, 424 A.2d 266 (1979); *Thomas* v. *Ganezer,* 137 Conn. 415, 418, 78 A.2d 539 (1951). It is incumbent upon the trial court, however, to instruct the jury that such statement is to be considered solely on the issue of the witness' credibility. *State* v. *Brown,* 187 Conn. 602, 609–10, 447 A.2d

734 (1982). The record indicates that the court com-
plied with this requirement.

There is no error.

In this opinion the other judges concurred.